UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Case No.: 20-cv-00018-AT-SLC
------------------------------------------------------------------------x
REDCELL CORP. and REDCELL SYSTEMS, LLC,

                                  Plaintiffs,
      -against-

A. J. TRUCCO, INC. and TRUCCONOVA, LLC,

                                  Defendants.
------------------------------------------------------------------------x


**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO EXCLUDE DEFENDANTS' EXPERT MARK S. GOTTLIEB, CPA**


                                                        RUSS & RUSS, P.C.
                                                        Attorney for Plaintiffs
                                                        Post Office Address:
                                                        543 Broadway
                                                        Massapequa, New York 11758
                                                        (516) 541-1014
                                                        jayruss@russrusspc.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. i

PRELIMINARY STATEMENT ..........................................................................................1

ARGUMENT

GOTTLIEB'S BAYESIAN ANALYSIS IS INADMISSIBLE.........................................................1

    A. Gottlieb's Bayesian Analysis Should be Disregarded ....................................................2

    B. Gottlieb's Reliance on Self-Serving Interviews
    Renders His Report Inadmissible..........................................................................................4

    C. The Cases Cited by Defendants are Inapposite ..............................................................6

CONCLUSION.........................................................................................................................9

## Table of Authorities

**Cases**                                                                                                                         **Page**

Advanced Telemedia LLC v. Charter Communications, Inc.,
    2008 WL 6808442, (N.D.Ga., 2008) ...............................................................................................5

B-K Cypress Log Homes, Inc v. Auto Owners Ins. Co.,
    2012 WL 1933766 (N.D. Fl., 2012)..................................................................................................5

Bd. of Trustees of AFTRA Ret. Fund v. JP Morgan Chase Bank NA,
    2011 WL 6288415, at 11 (S.D.N.Y., December 15, 2011) ................................................................6

Boles v. United States,
    2015 WL 1508857 (M.D.N.C., 2015)..............................................................................................6

Boucher v. US Suzuki Motor Corp.,
    73 F.3d 18 (2d Cir., 1996)................................................................................................................7

Clark v. Edison,
    881 F. Supp.2d 192 (D. Ma., 2012) ................................................................................................ 6

Derrickson v. Circuit City Stores, Inc.,
    1999 WL 1456538, at 7 (D. Md., March 19,1999)..........................................................................8

Dreyer v. Ryder Auto Carrier Grp., Inc.,
    2005 WL 1074320 (W.D.N.Y. February 9, 2005),
    *objections overruled*, 367 F. Supp.2d 413 (W.D.N.Y., 2005)...........................................................7

Dura Automotive Systems of Indiana, Inc. v. CTS Corp.,
    285 F.3d 609 (7th Cir., 2002) .....................................................................................................3, 7

Goldberg v. 401 N. Wabash Venture LLC,
    755 F.3d 456 (7th Cir. 2014) ...........................................................................................................5

Lifeguard Lic Corp v. Kozak,
    2017 WL 908199 (S.D.N.Y., March 7, 2017) .................................................................................8

Moore v. Equitrans, LP,
    ___ F.4th ___, 2022 WL 534391 (4th Cir., 2022)........................................................................2, 3

R.F.M.A.S., Inc. v. Mimi So,
    748 F. Supp.2d 244 (S.D.N.Y., 2010)..............................................................................................7

TC Sys. Inc. v. Town of Colonie, N.Y.,
    213 F. Supp.2d 178 (N.D.N.Y., 2002) ...................................................................................8

TK-7 Corp. v. Estate of Barbout,
    993 F.2d 722 (10th Cir, 1993) ...............................................................................................3

Robertson Transformer Co. v. Gen. Elec. Co.,
    2016 WL 4417019 (N.D. Ill., 2016) .......................................................................................5

Tedone v. H.J. Heinz Co.,
    686 F. Supp.2d 300 (S.D.N.Y., 2009) ...................................................................................8

Washington v. Kellwood,
    105 F. Supp.3d 327 (S.D.N.Y., 2015) ...................................................................................6

Weitz Co v. Lloyd's of London, 2007 WL 7131908, at 3
    (S.D.Ia., September 28, 2007) ..........................................................................................7, 8

Winn-Dixie Stores, Inc. v. Eastern Mushroom Marketing Co-op.,
    2021 WL 2352016 (E.D. Pa., 2021) ......................................................................................5

In re Zyprexa Prods Liab. Litig.,
    489 F. Supp.2d 230 (E.D.N.Y., 2007) ..............................................................................4, 5

## Statutes and Rules

FRCP 26 ....................................................................................................................................6

**PRELIMINARY STATEMENT**

This Memorandum is submitted by Plaintiffs in Reply, and in further support of its motion to exclude the testimony of Defendants' rebuttal expert, Mark S. Gottlieb, CPA ("Mr. Gottlieb").

**ARGUMENT**

**GOTTLIEB'S BAYESIAN ANALYSIS IS INADMISSIBLE**

Defendants have failed to respond, and are unable to respond, to the arguments made by Plaintiffs in support of their motion to preclude Mr. Gottlieb's report. The opinions which should be precluded consist of the following:

1) Mr. Gottlieb's opinion and conclusion (<u>adopting the core work of an assistant as to the Bayesian analysis</u>) that Professors Westland's initial report (Doc. No. 82-2) <u>overstated</u> the damages sustained by Plaintiffs. Mr. Gottlieb's conclusion is self-contradictory because he also calculated the alleged <u>overstatement</u> of damages and concluded that Plaintiffs' damages (in one of several categories of damages) are $6 million, rather than $13 million;

2) Mr. Gottlieb's conclusion that Professors Westland's initial report was flawed, not because of the data sources, because of interpolations to prepare the "posterior Bayesian means, distributions for free cash flow, and distributions for costs" (<u>again, adopting the core work of an assistant as to the Bayesian analysis</u>). Mr. Gottlieb asserted that Professor Westland arbitrarily selected financial data to <u>complete the financial pro-forma</u> and then the random use of data points. It should be noted, however, that Mr. Gottlieb acknowledged the completed *pro-formas*, which Defendants' counsel nonetheless still refuses to acknowledge;

3) Mr. Gottlieb's opinion that Professor Westland's initial report employed "…a Bayesian A/B test…to compare the two time periods, 2008-2013 and 2014-2019" (Id.) (<u>again, adopting the core work of an assistant as to the Bayesian analysis</u>);

1

4) Mr. Gottlieb's generalized opinion that portions of Professor Westland's report were "improbable": "(Gottlieb Report pg. 16). "Improbable" is unclear and misleading;

5) Mr. Gottlieb's generalized opinion that Professor Westland's damages calculation might have been "materially lower." (Gottlieb Report pg. 17) "Materially lower" is unclear, misleading, and unnecessary given the damages chart;

6) Mr. Gottlieb's opinion that the damage calculation of "net present value of the increase in enterprise value in 2019" is "<u>poorly conceived</u> and is determined <u>without merit</u>." (Gottlieb Report, pg. 18). "Poorly conceived" is both unclear and misleading;

7) Mr. Gottlieb's opinion of the alleged insufficiency of Professor Westland's credentials in business valuation; and

8) Mr. Gottlieb's opinions for the reasons for Trucco's growth and success, citing to Defendants' disputed and self-serving "spin" masquerading as facts and non-expert conclusion.

9) Mr. Gottlieb's opinions as to the software, business success, growth, and other business matters, are not expert opinion at all.  They place Mr. Gottlieb squarely in the middle of the factual disputes where he does not belong.

A. <u>Mr. Gottlieb's Bayesian Analysis Should be Disregarded.</u>

On February 23, 2022, the United States Court of Appeals for the Fourth Circuit decided <u>Moore v. Equitrans, LP</u>, ___ F.4th ___, 2022 WL 534391 (4th Cir., 2022) and ruled on the same <u>Daubert</u> issue that is central to this motion.  The issue in <u>Moore</u>, *supra*, was whether the report and testimony of the plaintiff's expert was inadmissible because the expert did not author significant portions of his report, did not perform the calculations contained therein, and was unable to answer basic questions regarding how he came to those conclusions.  The Fourth Circuit affirmed the preclusion of the plaintiff's expert.  The same result should occur here.

2

Mr. Gottlieb has no background or experience in information science, statistics, and computer science. He admitted at his deposition that he never even heard of "Bayesian" analysis before reading Professor Westland's report. Mr. Gottlieb admitted also that he farmed out this key portion of the rebuttal report to a subordinate because he was unqualified to do so. The net result is Mr. Gottlieb's rebuttal report that relies on the analysis, calculations, and opinions from his subordinate.

In Moore, *supra*, the Fourth Circuit affirmed the District Court's determination that the expert's opinion was inadmissible because it neither was likely to assist the jury, nor based upon reliable principles and methods. Moore, *supra*, 2021 WL 1654012, at 8. The Fourth Circuit cited Dura Automotive Systems of Indiana, Inc. v. CTS Corp., 285 F.3d 609, 612-613 (7th Cir., 2002) (while an "expert witness is permitted to use assistants in formulating his opinion" issues may arise where those "assistants aren't merely gofers or data gatherers but exercise professional judgment that is beyond the expert's ken") and TK-7 Corp. v. Estate of Barbouti, 993 F.2d 722, 732 (10th Cir, 1993) (finding the expert's "lack of familiarity with the methods and the reasons underlying [another expert's] projections" problematic since it "virtually precluded any assessment of the validity of the projections through cross-examination of [the testifying expert]").

Defendants respond by making three arguments which are captured in their topic headings. They argue for the general principle that Mr. Gottlieb is, generally speaking, entitled to rely upon the "work of colleagues and assistants" and "information provided by his client", and is qualified to "opine on business valuation." Plaintiffs' response to that is: 1) Mr. Gottlieb can certainly rely upon "work of colleagues and assistants" provided that his "colleagues and assistants" are not performing the critical analysis that is at the core of the expert's opinion. The problem is that Mr. Gottlieb is improperly presenting those own independent opinions conclusions as if they were his;

3

2) Mr. Gottlieb could have, if he had chosen, relied on facts derived from his interviews with the defendants into his report, provided that his interviews were <u>actually incorporated</u> into his expert report, preserved for cross-examination, and that the interviews are essential to his rebuttal expert opinion, rather than simply to bolster self-serving non-expert hearsay evidence; and 3) Mr. Gottlieb is arguably qualified to give expert opinions on certain aspects of business valuation, but he is not an expert in information sciences, statistics, Bayesian analysis, computer science, or damage assessment for trademark infringement of software.

  B. <u>Gottlieb's Reliance on Self-Serving Interviews Renders His Report Inadmissible.</u>

In their Memorandum of Law, Defendants raise "straw-man" arguments that are disconnected from the issues raised in this motion, and they cite cases (starting on page 8 of their brief) that are inapposite. In the main, those cases set forth general principles of law with which Plaintiffs do not take issue, but none of the cases offer clarity or guidance to the issues presented on this motion. Critically, Defendants have abandoned any attempt to defend and support any of the distinct opinions of Mr. Gottlieb.

Defendants cite <u>In re Zyprexa Prods Liab. Litig.</u>, 489 F. Supp.2d 230, 285 (E.D.N.Y., 2007) for the principle that a rebuttal expert need not produce "models or methods of their own; they need only attack those of the plaintiffs' expert." Obviously, a rebuttal expert is permitted to rebut. But, as Plaintiffs noted in the motion to preclude, Mr. Gottlieb's report goes way beyond that because he offers non-expert opinions to merely bolster factual issues, thereby acting as a cheerleader for the defense to enhance the credibility of defense witnesses. Judge Weinstein's decision in <u>Zyprexa Prods Liab. Litig.</u>, *supra*, stands for the rule that expert testimony should not merely reiterate arguments based on inferences that can be drawn by laypersons; those can properly be advanced by the parties in their summations. Nor should the expert's report include conclusory

4

testimony that "undertakes to tell the jury what result to reach … (or) attempts to substitute the expert's judgment for the jury's." Id. at 283, quoting United States v. Duncan, 42 F.3d 97, 101 (2d Cir. 1994).  Moreover, as Judge Weinstein stated:

> Subjective methodology, as well as testimony that is insufficiently connected to the facts of the case, have been relied upon by appellate courts as grounds for rejection of expert testimony. See, e.g., O'Conner v. Commonwealth Edison Co., 13 F.3d 1090, 1105-07 (7th Cir. 1994); Guidroz–Brault v. Missouri Pacific R.R. Co., 254 F.3d 825, 831 (9th Cir. 2001). Sound scientific methodology requires a scholar to make some effort to account for alternative explanations for the effect whose cause is at issue. See, e.g., Kudabeck v. Kroger Co., 338 F.3d 856, 860–61 (8th Cir. 2003); McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256–57 (11th Cir. 2002).

In re Zyprexa Prod. Liab. Litig., 489 F. Supp.2d at 284-85.

While an expert may rely on conversations with others in forming his conclusions, the expert cannot merely 'parrot what some lay person has told him' without meaningfully examining the evidence in the record. Goldberg v. 401 N. Wabash Venture LLC, 755 F.3d 456, 461 (7th Cir. 2014); Robertson Transformer Co. v. Gen. Elec. Co., 2016 WL 4417019, at *4–*5 (N.D. Ill. Aug. 19, 2016).

Plaintiffs also do not suggest that Mr. Gottlieb should have presented "models or methods" of his own or presented his own theories and analysis as if he was more than a rebuttal witness. Plaintiffs point out that Mr. Gottlieb should have tied his claims that Professor Westland's analysis was flawed to actual data, tests and methods; otherwise, he fails to be able to assist the finder of fact.  Advanced Telemedia LLC v. Charter Communications, Inc., 2008 WL 6808442, at pg. 1 (N.D. Ga, July 17, 2008); B-K Cypress Log Homes, Inc v. Auto Owners Ins. Co., 2012 WL 1933766, at pg. 6 (N.D. Fl., May 25, 2012), both cited in Winn-Dixie Stores, Inc. v. Eastern Mushroom Marketing Coop, 2021 WL 2352016 (E.D. Pa., June 9, 2021).

Mr. Gottlieb compounded this critical error by also failing to present rebuttal expert

5

testimony that is "intended solely to contradict or rebut evidence on the same subject matter identified" by an initial expert witness. FRCP 26 (a) (2) (C) (ii). "Expert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper rebuttal or reply reports." Boles v. United States, 2015 WL 1508857, at pg. 2 (M.D.N.C, April 1, 2015), citing Withrow v. Spears, 967 F. Supp.2d 1002 (D. Del. 2013).

    C.  The Cases Cited by Defendants Are Inapposite.

Defendants also cite cases on inapposite and tangential issues. For example, Defendants cited Washington v. Kellwood, 105 F. Supp.3d 327 (S.D.N.Y., 2015) for the principle that a rebuttal expert's testimony based on "general accounting standards" is reliable. However, Washington, *supra*, is readily distinguishable because the issue in that case involved a motion for a new trial based on an argument that the trial court improperly excluded expert testimony of lost market value and the motion was denied. The Court noted that the proposed expert testimony was actually not in the expert report.

Defendants cite to Clark v. Edison, 881 F. Supp.2d 192 (D. Ma., 2012) that rebuttal testimony is proper where both experts' testimony fell "within the range where experts might reasonably differ". Even so, the lengthy decision involved other issues and several experts, and is tangential. Defendants cite to Bd. of Trustees of AFTRA Ret. Fund v. JP Morgan Chase Bank NA, 2011 WL 6288415, at 11 (S.D.N.Y., December 15, 2011) which involved the interview of witnesses and summaries, but there, the expert had fully incorporated the "contents of the interviews" within his expert report ("Chadwick [the expert] cites the interviews four times, and in each instance Chadwick specifically describes the information from the interview on which she is relying"). Id. That is not the situation here, where Mr. Gottlieb allegedly interviewed self-

6

serving defense employees, discarded his notes, and did not transfer the contents of the interviews to his report.

Defendants also cite to R.F.M.A.S., Inc. v. Mimi So, 748 F. Supp.2d 244 (S.D.N.Y., 2010) and Dreyer v. Ryder Auto Carrier Grp., Inc., 2005 WL 1074320 (W.D.N.Y. February 9, 2005), *objections overruled*, 367 F. Supp.2d 413 (W.D.N.Y., 2005), neither of which involve rebuttal experts, for the inapplicable proposition that data is not inherently unreliable just because it is provided by a party or its counsel. Defendants cite to Boucher v. US Suzuki Motor Corp., 73 F.3d 18 (2d Cir., 1996) for the proposition that speculative or conjectural expert testimony should be excluded if it is "so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison." This argument has Freudian overtones, as Mr. Gottlieb's proposed rebuttal expert testimony is indeed, the proverbial "orange" to Professor Westland's "apple."

Continuing to analyze Defendants' cited cases, there is an overall theme. Defendants are off-topic and are citing to cases that are not helpful to the Court, on issues tangential to this motion, and often do not involve either the actual issues before this Court or rebuttal experts. We will conclude this Reply by stating clearly, again, the issues which Plaintiff raises in seeking to preclude the testimony of Mr. Gottlieb, most of which remain un-addressed in the opposing papers.

Defendants cite Dura Automotive Systems of Indiana, Inc. v. CTS Corp., 285 F.3d 609 (7th Cir., 2002) and Weitz Co v. Lloyd's of London, 2007 WL 7131908, at 3 (S.D.Ia., September 28, 2007) that Mr. Gottlieb may use assistants. Of course, that is not the issue; Plaintiffs do not challenge the general use of assistants. As previously stated, the Fourth Circuit recently relied upon Dura, *supra*, in precluding an expert precisely because the "assistants aren't merely gofers or data gatherers but exercise professional judgment that is beyond the expert's ken." Dura, *supra*,

285 F.3d at 612-613. Defendants place heavy reliance on Weitz, *supra*, but that case is not relevant. The Court in Weitz, *supra*, concluded that the expert had little to do with the report other than assigning the work to the assistant and signing it, and the Court rejected the argument that the objection to the testimony should go only to its weight. The conclusion was inescapable that the expert's testimony was unreliable. Defendants also cite to Derrickson v. Circuit City Stores, Inc., 1999 WL 1456538, at 7 (D. Md., March 19,1999) for the general rule that the factual basis of an expert's opinion usually goes to weight not admissibility.

Defendants cite cases for the proposition that Mr. Gottlieb is qualified to "opine on business valuation." Plaintiffs emphasize that the issue is not business valuation *per se*, but the measure of damages for trademark infringement. Defendants cite TC Sys. Inc. v. Town of Colonie, N.Y., 213 F. Supp.2d 178 (N.D.N.Y., 2002) where an expert was challenged for not being an economist or C.P.A. This case is also not on point. Finally, Defendants cite to Lifeguard Lic Corp v. Kozak, 2017 WL 908199 (S.D.N.Y., March 7, 2017), which quoted Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp., 2006 WL 2128785, at 5 (S.D.N.Y., July 28, 2006) for the general proposition that expert testimony must assist the trier of fact, and Tedone v. H.J. Heinz Co., 686 F. Supp.2d 300 (S.D.N.Y., 2009), citing McCullock v. HB Guller Co., 61 F.3d 1038 (2d Cir., 1995) that certain objections go to weight not admissibility. These citations are not on point and simply restate general rules.

Finally, Plaintiffs note that Defendants, at page 15 of their opposition Memorandum, attack Professor Westland's credentials by falsely claiming that Professor Westland denied that he was bound by the Code of Professional Conduct of the American Institute of Certified Public Accountants("AICPA"). Here, Defendants try to be too clever by half. Professor Westland testified at his deposition (Doc. No. 82-5 ["Tr."]) that he was required to abide by AICPA's rules

8

of conduct because those rules were incorporated into the rules of conduct of the Illinois CPA Society, of which he is a member (Tr. Pg. 103; l. 17 – Pg. 105; l. 7).[1]

## CONCLUSION

Plaintiffs' motion to strike the expert testimony of Mark S. Gottlieb, CPA, in whole or in part, should be granted, together with such other and further relief as the Court deems just and proper.

Dated: Massapequa, New York
March 9, 2022

Respectfully Submitted,

RUSS & RUSS, P.C.

By: *Jay Edmond Russ, Esq.*
Jay Edmond Russ, Esq.
Attorneys for Plaintiffs
543 Broadway
Massapequa, NY 11758
(516) 541-1014
jayruss@russrusspc.com

---

[1] Professor Westland testified at his deposition "…I need to abide by the code of conduct and any rules of the Illinois CPA Society and any of the laws of Illinois that relate to public accountancy. But the reason that I would abide by AICPA rules is simply because they are restated inside the bylaws of the Illinois CPA Society." (Tr. Pg. 103; l. 17-23)