UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REDCELL CORP., et al.,

                          Plaintiffs,

-against-                         20-CV-18 (JGLC)

A.J. TRUCCO, INC., et al.,                     **ORDER**

                          Defendants.

JESSICA G. L. CLARKE, United States District Judge:

      Before the Court is Defendants' request that the Court adjourn trial, or in the alternative, that the Court exclude from trial any documents not produced by Plaintiffs, due to Plaintiffs' alleged failure to produce certain documents. For the reasons stated herein, trial will begin on December 5, 2023, as previously scheduled. The Court will entertain a motion from Defendants, to be filed with the pretrial submissions on November 13, 2023, to exclude documents at trial not produced during discovery.

## BACKGROUND

      On October 31, 2023, A.J. Trucco, Inc. and Trucconova, LLC ("Trucco" or "Defendants") submitted a letter motion to the Court requesting a conference to discuss whether an adjournment of trial was necessary due to Defendants' contention that "Defendants are not in possession of all documents Plaintiffs purport to have produced in discovery." ECF No. 108. In response, Redcell Corp. and Redcell Systems, LLC ("Redcell" or "Plaintiffs") asserted that there was "no basis to postpone the trial or reopen discovery." ECF No. 110. On November 2, 2023, the Court held a hearing and ordered briefing on the dispute. *See* ECF No. 111. An abbreviated description of the parties' dispute follows.

Trucco claims that Redcell "did not meet its discovery obligation to produce copies of responsive ESI in its possession that it intends to use at trial, despite knowing that (i) Trucco did not have access to that ESI and (ii) that identical copies of that ESI do not exist anywhere else." ECF No. 119 ("Defs. Mem.") at 1. Redcell claims that they disclosed their access to the responsive ESI (the "Disputed Materials") since the "onset of fact discovery" and that Trucco has had access to the Disputed Materials from the beginning of the litigation. ECF No. 116 ("Pls. Mem.") at 1, 6. Redcell refers to the Disputed Materials as those on a "Joint Database" that both parties had access to. *See, e.g.*, ECF No. 117 ("Russ Decl.") ¶ 17. Trucco understands the Disputed Materials to be a backup copy of Trucco's server; Trucco maintained possession of its original servers, while Redcell possessed a backup copy. ECF No. 121 ("Parikh Decl.") ¶ 7.

This action was commenced on January 3, 2020. In Redcell's initial disclosures sent to Trucco on April 9, 2020, Redcell noted that "ESI is on back-up server(s), business server(s), cloud, laptops, smartphones." ECF No. 117-3 ¶ 2. Trucco states that the initial disclosures did not identify that Redcell possessed a backup copy of Trucco's business servers. ECF No. 120 ("Smith Decl.") ¶ 13. Redcell served their formal responses to Trucco's First Demand for Discovery and Inspection on July 3, 2020, stating:

> Plaintiffs will make an extensive production of documents, communications, and electronic data. The production will be 1) by reference to documents, communications and electronic data which have been and still are in the joint possession of Plaintiffs and Defendants (reference thereto without actual production is sufficient, because Defendants have the production (hereinafter "The Joint Database"), and 2) by production of documents, communications, and electronic data (without limitation also including media files, emails, skype chats and texts) which are not or might not be contained in the Joint Database.

ECF No. 117-4 ¶ 5. Redcell explained what the Joint Database – here, the Disputed Materials – consisted of and stated that as of the commencement of the instant action, Trucco had "sole and exclusive access to this category of producible documents, communications and electronic data,

and it is Defendants' obligation to produce same to Plaintiffs." *Id*. Redcell also requested that the parties engage a forensic technology company to certify that the parties had access to identical documents in the Disputed Materials. *Id*. Redcell alleges that they referred Trucco to the Disputed Materials at various times throughout the discovery process. *See, e.g.*, ECF Nos. 117-5, 117-9.

Trucco's former counsel, Ralph R. Smith, avers that he "did not understand Redcell's counsel to be referring to a physical copy of ***backup*** data" in the response to Trucco's demand for discovery and inspection, but instead a different collection of documents that Trucco and Redcell shared. Smith Decl. ¶¶ 15–16 (emphasis in original). Smith states that in part he had this understanding because Redcell was demanding a production of the Disputed Materials from Trucco. *Id*. ¶ 17. Trucco also points out that much of Redcell's correspondence during the discovery process made no mention of the Disputed Materials. *See, e.g., id*. ¶ 27.

It is undisputed that by April 2021, Trucco knew that Redcell obtained and possessed a copy of Trucco's server backup data and confidential files – the Disputed Materials. Russ Decl. ¶ 29; Smith Decl. ¶ 2. As Magistrate Judge Cave found, Trucco knew of the existence of the Disputed Materials before the litigation and no later than July 2020. ECF No. 65 at 17. By April 2021, Trucco reasonably knew that Redcell possessed or still had access to the Disputed Materials. *Id*.

What is less clear is when Trucco knew or should have known that Redcell intended to rely on the Disputed Materials at trial. Trucco states that Redcell never disclosed, and so Trucco did not know, that Redcell intended to rely on documents from the Disputed Materials at trial that were not produced during discovery. Parikh Decl. ¶ 13. Trucco claims that it only learned that Redcell intended to rely on the Disputed Materials in October 2023. *Id*. ¶ 17. Redcell's

3

exhibit list for trial shows that more than half of its proposed exhibits were never produced by Redcell in discovery. *Id.*

## DISCUSSION

### I. Discovery Will Not Be Reopened

Discovery deadlines may be modified only for "good cause." Fed. R. Civ. P. 16(b)(4). "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). As such, a "party seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite its diligence." *Saray Dokum ve Madeni Aksam Sanayi Turizim A.S. v. MTS Logistics Inc.*, 335 F.R.D. 50, 52 (S.D.N.Y. 2020) (quoting *King v. Friend of Farmer, Inc.*, 2000 WL 290355, at *1 (S.D.N.Y. Mar. 21, 2000)). Moreover, discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery. *See Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989).

Courts within the Second Circuit may consider the following six factors in determining whether to reopen discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Saray Dokum*, 335 F.R.D. at 52.

First, the trial is imminent; it is less than four weeks away and was only five weeks away at the time Trucco first brought this dispute to the Court's attention. Trial was set for November 2023 over one year ago and has been scheduled for December 2023 for over six months. As to

the second and third factors, Redcell opposes moving the trial date and notes that they will be prejudiced if the trial is moved, in part because two non-party witnesses have already made arrangements to travel to New York for the trial. *See* ECF No. 110 at 3.

Additionally, it is not clear how long discovery would need to be reopened for in order to for Trucco to review and analyze the Disputed Materials. *See* Defs. Mem. at 10 ("What additional limited discovery would be required, would depend on what is found."). Trucco would likely seek to depose additional witnesses or depose again certain witnesses, as well as extend expert discovery. This case was filed nearly four years ago, fact discovery closed in April 2021, expert discovery closed in August 2021 and the parties have a had a trial date for over one year. Accordingly, the Court will not adjourn the trial and will not allow the reopening of discovery.

## II. Defendants May Move to Exclude Certain Trial Exhibits

The Court will, however, entertain a motion from Trucco to exclude Redcell's proposed exhibits that were not produced during discovery. It is undisputed that Redcell did not produce the Disputed Materials during discovery. Redcell also did not precisely identify the Disputed Materials in response to discovery requests, though perhaps they did not know that their identification was inaccurate. Throughout discovery, Redcell referred to a "Joint Database" that it claimed both parties had access to. This resulted in understandable confusion by Trucco's former counsel that the Disputed Materials were certain shared documents that both parties possessed. In reality, the Disputed Materials are a backup copy of Trucco's server, a copy that Trucco did not have access to. As such, Redcell's description of the Disputed Materials throughout much of the discovery process did not put Trucco on notice as to what documents Redcell was specifically referring to.

Even after it became clear in April 2021 that Redcell was in fact referring to a backup copy of Trucco's server, and that Redcell allegedly had access to the documents without authorization, Trucco was not on notice regarding which documents within the Disputed Materials Redcell intended to use to support its claims at trial. Trucco only became aware that Redcell planned to rely on documents from the Disputed Materials during the deposition of Redcell's expert, and Trucco moved to exclude the expert's testimony on that basis. Parikh Decl. ¶ 28–30.

Further, because Redcell produced only select documents from the Disputed Materials, Trucco reasonably assumed that Redcell had produced all of the documents from the Disputed Materials that Redcell intended to rely on at trial. Only after receiving Redcell's exhibit list, of which more than half of the documents were never received by Trucco during discovery, did Trucco realize that Redcell intended to rely on additional documents from the Disputed Materials that Redcell had never produced.

These facts give rise to a question as to whether these exhibits, and any other material not produced by Redcell, should be precluded at trial under Federal Rule of Civil Procedure 37. The Court notes that with the facts currently in front of it, it is unclear what is contained within the documents that were not produced during discovery but are on Redcell's exhibit list. The Court further notes that although the Disputed Materials were not in fact part of a shared database, Trucco maintained the original server from which the Disputed Materials were copied. As such, it is possible that Trucco has had copies of some of the documents that Redcell seeks to use as exhibits for the duration of the litigation. Thus, the Court cannot determine at this time what prejudice Trucco would face by allowing these exhibits at trial. For the Court to exclude exhibits at trial, Trucco will need to show, on an exhibit-by-exhibit basis, what prejudice it would suffer.

## CONCLUSION

For the foregoing reasons, trial remains scheduled to begin on December 5, 2023.

Defendants may make a motion to the Court regarding the preclusion of certain of the Disputed Materials at trial, to be filed by November 13, 2023.

Dated: November 9, 2023
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge