IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REDCELL CORP., and REDCELL SYSTEMS, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>A.J. TRUCCO, INC. and TRUCCONOVA, LLC,<br><br>    Defendants. | No. 1:20-cv-00018-JGLC-SLC |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OR TESTIMONY OF ORAL
CONFIDENTIALITY OR NONDISCLOSURE AGREEMENT BETWEEN THE
PARTIES**

Rajiv D. Parikh, Esq.
Charles J. Messina, Esq.
Lawrence Bluestone, Esq.
**GENOVA BURNS LLC**
115 Broadway, 15th Floor
New York, NY  10006
Phone: 212-566-7188
rparikh@genovaburns.com
cmessina@genovaburns.com
lbluestone@genovaburns.com
*Attorneys for Defendants A.J. Trucco, Inc. and Trucconova, LLC*

Defendants A.J. Trucco, Inc. and Trucconova, LLC (hereafter, "Trucco") respectfully submit this Memorandum of Law in support of their Motion *In Limine* No. 5, to preclude Plaintiff Redcell Corp. and Redcell Systems, LLC ("Redcell") from introducing evidence or testimony regarding any purported oral confidentiality or non-disclosure agreement between Trucco and Redcell regarding the software at issue in this case (called Plexus by Redcell) or the trade secrets Redcell alleges it owns with respect to the source code for this software under the parol evidence rule and pursuant to Fed. R. Evid. 403.

## RELEVANT FACTUAL BACKGROUND

Redcell provided software development, IT support and maintenance, and logistics services for Trucco from 2008 to 2018. "The business relationship between Trucco and Redcell ended in or around February 2019" (Compl (ECF No. 8) ¶ 9); Redcell alleges that Trucco misappropriated trade secrets allegedly owned by Redcell relating to certain software that Redcell calls "Plexus" (*id.* ¶ 84), and asserts a claim under the Defend Trade Secrets Act, 18 U.S.C. § 1839 et seq. ("DTSA").

Redcell and Trucco entered into a number of agreements throughout the years of their business relationship:

- The July 28, 2008 Software Development Agreement for development of a "Client-server" software application using Miscrosoft SQL as the database engine. (**Exhibit 1**).[1]

- The November 8, 2010 Software Development Agreement for development of a Client-Server software program. (**Exhibit 2**).

- The January 1, 2011 Enterprise Service Agreement for technical support and maintenance of Trucco's computer network infrastructure. (**Exhibit 3**).

- The December 20, 2011 Enterprise Service Agreement for technical support and

---

[1] Referenced exhibits are to the accompanying Declaration of Lawrence Bluestone, Esq.

- maintenance of Trucco's computer network infrastructure. (**Exhibit 4**).

- The October 23, 2012 Enterprise Service Agreement for technical support and maintenance of Trucco's computer network infrastructure. (**Exhibit 5**).[2]

- The May 17, 2015 Software Support Agreement to support Trucco's Import Management System. (**Exhibit 6**).[3]

None of the agreements contained a provision (i) requiring Trucco to maintain the confidentiality of any source code created or provided by Redcell; or (ii) precluding disclosure of any source code created or provided by Redcell. Each agreement includes an integration clause, providing that the agreement "constitutes the entire Agreement between the parties relating to the subject matter herein and supersedes all prior discussions between the parties. No modification or amendment to this Agreement or any waiver of any rights hereunder will be effective unless in writing and signed by the party to be charged." (Ex. 1, at 2; *see also* Ex. 2, at 2; Ex. 3, § 3(C); Ex. 4, § 5(C); Ex. 5, § 5(C); Ex. 6, at 2; Ex. 7, at 2.)

Redcell has indicated that it intends to introduce testimony that it had an oral agreement with Trucco regarding the licensing of Plexus software. (*See* Joint Pretrial Order (ECF No. 126), at 7, Plaintiffs' Witness List, Anticipated Testimony of Helder Molina.) To the extent Redcell introduces such testimony regarding licensing, it should be precluded from introducing evidence or testimony that there was an oral confidentiality or non-disclosure agreement with respect to any software it contends it developed for Trucco, license to Trucco or for any other IT-related work completed for Trucco. Such testimony would (1) contradict the integrated terms of the parties' written agreements and, therefore, violate the parol evidence rule, or (2) could cause juror

---

[2] Redcell has now produced from the Disputed Material, substantively identical copies of the Enterprise Service Agreement from later years. (*See* Motion *In Limine* No. 2.) These agreements contain substantively identical provisions as the above and do not change the analysis in this motion.

[3] In addition to these agreements, Redcell contends the parties entered into a November 26, 2018 Software Support Agreement (**Exhibit 7**), an executed version of which was not produced by Redcell in discovery. The 2018 Agreement is subject to separate motions *in limine*, but its inclusion would not change the analysis in this motion.

confusion that outweighs any probative value of the evidence and should be excluded under Fed. R. Evid. 403.

## LEGAL ARGUMENT

I. **The Integrated Terms of the Parties Written Agreements and the Parol Evidence Rule Require Exclusion of Testimony regarding a Non-Disclosure or Confidentiality Agreement.**

To prove its DTSA claim, Redcell must prove, among other things, that it owns a trade secret by showing that it (1) took "reasonable measures to keep such information secret" and (2) "the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." *TRB Acquisitions LLC v. Yedid*, No. 20-CV-055 (JMF), 2021 WL 293122, at *2 (S.D.N.Y. Jan. 28, 2021) (quoting 18 U.S.C. § 1839(3)).

Among the factors that the Court will instruct the jury to consider in making this determination is whether Redcell required those with access to what it claims to be a trade secret to sign a confidentiality or non-disclosure agreement. *See Town & Country Linen Corp. v. Ingenious Designs LLC*, 556 F. Supp. 3d 222, 258 (S.D.N.Y. 2021), *reconsideration denied*, No. 18-CV-5075 (LJL), 2021 WL 4892857 (S.D.N.Y. Oct. 19, 2021); *Broker Genius, Inc. v. Zalta*, 280 F. Supp. 3d 495, 502 (S.D.N.Y. 2017).

Under New York law,[4] if the parties "reduced their agreement to an integrated writing, the parol evidence rule operates to exclude evidence of all prior or contemporaneous negotiations or agreements offered to contradict or modify the terms of their writing." *Adler & Shaykin v. Wachner*, 721 F. Supp. 472, 476 (S.D.N.Y. 1988). As noted above, each of the agreements between

---

[4] Each agreement specified that it is governed by New York law. (Ex. 1, at 2; Ex. 2, at 2; Ex. 3, § 3(D); Ex. 4, § 5(D); Ex. 5, § 5(D); Ex. 6, at 2; Ex. 7, at 2.)

Trucco and Redcell had a merger clause and were, by their own terms, integrated. (Ex. 1, at 2; *see also* Ex. 2, at 2; Ex. 3, § 3(C); Ex. 4, § 5(C); Ex. 5, § 5(C); Ex. 6, at 2; Ex. 7, at 2.) In the face of an integrated written agreement, oral agreements are admissible only if:

> (1) The agreement must in form be a collateral one; (2) it must not contradict express or implied provisions of the written contract; (3) it must be one that parties would not ordinarily be expected to embody in the writing, or, put in another way, an inspection of the written contract, read in the light of surrounding circumstances, must not indicate that the writing appears to contain the engagements of the parties, and to define the object and measure the extent of such engagement. Or, again, it must not be so clearly connected with the principal transaction as to be part and parcel of it.

*Dujardin v. Liberty Media Corp.*, 359 F. Supp. 2d 337, 356 (S.D.N.Y. 2005) (quoting *Gem Corrugated Box Corp. v. Nat'l Kraft Container Corp.*, 427 F.2d 499, 502-03 (2d Cir. 1970)).

Here, restrictions in the manner in which Trucco could use or disclose the software the contract specifically covers is not "collateral" to the agreement. The confidentiality of intellectual property is something one would expect to be in writing and to be dealt with in the parties' agreement regarding software development or support. *See, e.g.,* 1 Gregory J. Battersby, Multimedia and Technology Licensing Agreements § 1:1 (rev. Nov. 2023) (describing standard confidentiality and nondisclosure agreements in the context of technology licensing); Melvin F. Jager, Licensing Law Handbook § 10:7 (rev. Sept. 2022) ("The need to protect the confidentiality of the information exchanged in a license is apparent when the license includes trade secret rights. However, there is usually valuable confidential information exchanged in any technology license, so clauses dealing with the treatment of confidential information are very advisable.").

Because the parties' written, integrated agreements dealing with Redcell's development and maintenance of software do not impose confidentiality or non-disclosure obligations on the part of either party, permitting the introduction of evidence or testimony about a purported oral

confidentiality or nondisclosure agreement would violate the parol evidence rule and should not be permitted. *See, e.g.*, *Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*, No. 07 CIV.7998 HB, 2008 WL 3919186, at *4 (S.D.N.Y. Aug. 25, 2008) (excluding evidence of alleged oral agreement that would modify the terms of an integrated license agreement).

> II. **The Subject Testimony should be Excluded Under Rule 403 to Avoid Juror Confusion.**

In addition, testimony about an oral confidentiality or nondisclosure agreement that contradicts the terms of the parties' numerous written agreements should be excluded under Fed. R. Evid. 403, because such testimony would tend to confuse the jury. Rule 403 permits the Court to exclude evidence where its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *see also Universe Antiques, Inc. v. Vareika*, 821 F. Supp. 2d 625, 626 (S.D.N.Y. 2011). "In making a Rule 403 determination, courts should ask whether the evidence's proper value 'is more than matched by [the possibility] . . . that it will divert the jury from the facts which should control their verdict.'" *Bensen v. Am. Ultramar Ltd.*, No. 92-CV-4420, 1996 WL 422262, at *6 (S.D.N.Y. July 29, 1996) (quoting *United States v. Krulewitch*, 145 F.2d 76, 80 (2d Cir. 1944)).

"Courts have properly invoked Rule 403 to exclude otherwise admissible evidence where the evidence, though relevant, would tend to confuse the jury." *Guidi v. Inter-Cont'l Hotels Corp.*, No. 95 CIV. 9006(LAP), 2003 WL 1907904, at *1 (S.D.N.Y. Apr. 16, 2003) (citing, among other cases, *U.S. Football League* v. *Nat'l Football League*, 842 F.2d 1335, 1372–73 (2d Cir. 1988) (court was "wary of allowing a trier of fact to draw inferences of intent from the outcome of prior lawsuits in an area so fraught with uncertainty and doubt")).

Here, testimony about some other agreement that conflicts with the numerous written

agreements of the parties would likely confuse the jury and allow the jury to draw false inferences about the parties' obligations with respect to the software that is at the center of the case, particularly where the jury is being asked to determine whether Plaintiffs took sufficient steps to protect the secrecy of the trade secrets that are allegedly part of the software. This potential for confusion and unsupported inferences should lead the Court to exclude any testimony about an oral agreement not memorialized in the parties' agreements. *See Guidi*, 2003 WL 1907904, at *1.

## CONCLUSION

For the foregoing reasons, the Court should preclude Plaintiffs from offering evidence or testimony about the existence of an oral non-disclosure or confidentiality agreement because such evidence would violate the parol evidence rule and under Fed. R. Civ. P. 403 because such testimony would likely lead to juror confusion.

Dated:  November 13, 2023
       New York, NY

Respectfully submitted,

GENOVA BURNS LLC

By:    */s/ Lawrence Bluestone*
      Rajiv D. Parikh, Esq.
      Charles J. Messina, Esq.
      Lawrence Bluestone, Esq.
      GENOVA BURNS LLC
      115 Broadway, 15th Floor
      New York, NY  10006
      Phone: 973-533-0777
      rparikh@genovaburns.com
      cmessina@genovaburns.com
      lbluestone@genovaburns.com

      *Attorneys for Defendants A.J. Trucco, Inc. and Trucconova, LLC*

## CERTIFICATE OF CONFERENCE OF COUNSEL

In accordance with Section 1(b)(ii) of the Court's Individual Trial Rules and Procedures, the undersigned certifies that on November 10, 2023, counsel for Defendants conferred with counsel for Plaintiffs in good faith on the above issue and were unable to reach agreement on the issues raised by this motion *in limine*.

Dated: November 13, 2023                                    /s/ Lawrence Bluestone
                                                                                 Lawrence Bluestone

17305727v4 (22605.010)