**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| REDCELL CORP., and REDCELL SYSTEMS, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>A.J. TRUCCO, INC. and TRUCCONOVA, LLC,<br><br>    Defendants. | No. 1:20-cv-00018-JGLC-SLC |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION *IN LIMINE* NO. 6 TO EXCLUDE EXHIBIT PX-45 PURSUANT TO
EVIDENCE FRE 401, 402, 403, 404 & 408**

Rajiv D. Parikh, Esq.
Charles J. Messina, Esq.
Lawrence Bluestone, Esq.
**GENOVA BURNS LLC**
115 Broadway, 15th Floor
New York, NY  10006
Phone: 212-566-7188
rparikh@genovaburns.com
cmessina@genovaburns.com
lbluestone@genovaburns.com
*Attorneys for Defendants A.J. Trucco, Inc. and Trucconova, LLC*

Defendants A.J. Trucco, Inc. and Trucconova, LLC (hereafter, "Trucco") respectfully submit this Memorandum of Law in support of their Motion *In Limine* No. 6, to preclude Plaintiffs Redcell Corp. and Redcell Systems, LLC ("Redcell") from introducing Exhibit PX-45 into evidence or eliciting testimony about it. Exhibit PX-45 is a settlement proposal sent by On Time Staffing LLC to Trucco in connection with a completely unrelated dispute. This evidence is not relevant to Redcell's remaining claim under the Defend Trade Secrets Act, 18 U.S.C. 1836 ("DTSA") and should be excluded under Fed. R. Evid. 401 and 402, and as inadmissible character evidence under Fed. R. Evid. 404. The letter is also, by its own terms, related to an effort to settle a dispute and is, therefore, inadmissible under Fed. R. Evid. 408. Finally, PX-45 should be excluded under Fed. R. Evid. 403 because its minimal probative value is greatly outweighed by the risk of substantial prejudice and as a waste of time.

## RELEVANT FACTUAL BACKGROUND

Redcell provided software development, IT support and maintenance, and logistics services for Trucco from 2008 to 2018. "The business relationship between Trucco and Redcell ended in or around February 2019," (Compl (ECF No. 8) ¶ 9); and Redcell alleges that Trucco misappropriated trade secrets allegedly owned by Redcell relating to certain software that Redcell calls "Plexus." (*Id.* ¶ 84.) In its Complaint, Redcell also alleged that Trucco improperly solicited three of its former independent contractors, Jean Paul Acre, Deysi Marianela Cardona Valladres and Claudia Melany Zepeda Saravia. (*Id.* ¶¶ 35, 38, 59-60, 68-72.)

Redcell's Exhibit List includes Exhibit PX-45, a letter from an attorney for On Time Staffing, LLC ("On Time"), dated January 25, 2017, proposing a settlement with respect to On Time's claim that Trucco improperly terminated a Staffing Services Agreement and accepted

services from workers that had been recruited by On Time outside of that agreement. (**Exhibit A**).[1]

The letter is, by its own term, a settlement communication, with the penultimate paragraph stating:

> Please note that under Section 408 of the Federal and New Jersey
> Rules of Evidence, this letter is an attempt to settle a disputed claim
> and is not admissible in a legal proceeding. (*Id.* at 2.)

There is no reference to Redcell or any relationship between the On Time document and the dispute between Trucco and Redcell, to the software at issue in this case, or any of the defenses asserted by Trucco. Redcell has voluntarily dismissed Count 2 of its Complaint alleging improper solicitation by Trucco of its independent contractors. For the reasons set forth below, the Court should preclude Redcell from introducing PX-45 at trial.

## LEGAL ARGUMENT

### I.   The Court Should Exclude Exhibit PX-45 And Related Testimony As Irrelevant Under FRE 401 & 402.

For evidence to be relevant, it must relate to a "fact . . . of consequence in determining the action." Fed. R. Evid. 401(b). "Evidence that is not relevant is not admissible." *Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007); *see* Fed. R. Evid. 402.

To prove its DTSA claim, Redcell must prove (1) it owns a trade secret; and that (2) the defendant misappropriated the trade secret. *TRB Acquisitions LLC v. Yedid*, No. 20-CV-0552 (JMF), 2021 WL 293122, at *2 (S.D.N.Y. Jan. 28, 2021). The first DTSA element requires Redcell to describe the trade secret with sufficient particularity to "adequately put the defendant on sufficient notice of the contours of the claim for misappropriation"; *id.*, and to show the existence of trade secrets by demonstrating that "'the owner thereof has taken reasonable measures to keep such information secret" and (2) 'the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper

---

[1] Referenced exhibits are to the accompanying Declaration of Lawrence Bluestone, Esq.

3

means by, another person who can obtain economic value from the disclosure or use of the information.'" *Id.* (quoting 18 U.S.C. § 1839(3)).

The second DTSA element requires proof that Defendants acquired the trade secret "by improper means," which means "'theft, bribery, misrepresentation, [and] breach or inducement of a breach of a duty to maintain secrecy,'" but excludes 'reverse engineering, independent derivation, or any lawful means of acquisition.'" *Town & Country Linen Corp. v. Ingenious Designs LLC*, 556 F. Supp. 3d 222, 255 (S.D.N.Y. 2021), *reconsideration denied*, No. 18-CV-5075 (LJL), 2021 WL 4892857 (S.D.N.Y. Oct. 19, 2021) (quoting 18 U.S.C. § 1839(6)).

The settlement proposal from On Time occurred before the end of the Trucco-Redcell relationship and has nothing to do with Redcell's independent contractors, the software at issue in this case, or any actions by Trucco with respect to that software. It is, therefore, entirely irrelevant to the claim at issue and should be excluded under Fed. R. Evid. 401 and 402.

## II. The Court Should Exclude Exhibit PX-45 And Related Testimony As Impermissible Character Evidence Under Fed. R. Evid. 404.

Redcell presumably wishes to introduce the On Time letter to create an inference that if Trucco "poached" staff from On Time, it did so from Redcell (such as with Redcell's allegations regarding Jean Paul Acre, Deysi Marianela Cardona Valladres and Claudia Melany Zepeda Saravia.) Fed. R. Evid. 404 prohibits propensity/character evidence of that sort. Rule 404(a) prohibits general character evidence to prove a party acted in accordance with that character trait; and Rule 404(b) prohibits the use of "other crime[s], wrong[s], or act[s] to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." PX-45 is plainly inadmissible as propensity/character evidence. *See, e.g.*, *Chepilko v. Major*, No. 06-5491 (ARR) (LB), 2012 WL 13135142, at *3 (E.D.N.Y. Apr. 5, 2012).

Nor is PX-45 admissible under Fed. R. Evid. 406 as "habit" evidence. "[F]or evidence to

be admissible to demonstrate habit, the offering party must establish 'the degree of specificity and frequency of uniform response' that demonstrates not simply that the party has a mere tendency to act in a given manner, but rather that his conduct is 'semi-automatic in nature.'" *Loussier v. Universal Music Grp., Inc.*, No. 02CV2447KMW, 2005 WL 5644420, at *2 (S.D.N.Y. Aug. 30, 2005) (quoting *Simlex, Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1293 (7th Cir. 1988)). The proponent of the evidence must offer examples of pattern and conduct that are "**sufficiently numerous to permit the inference of systematic conduct**" for habit evidence to be admissible. *Id.* (emphasis added). In looking at the proposed evidence, the Court will look to the "adequacy of sampling and the uniformity of response" to determine if there is sufficient uniformity to warrant admission. *Id.*

In *Loussier,* for example, a copyright infringement case, the plaintiff offered evidence of eight prior copyright infringement claims and ten prior claim letters levied against the defendant as proof of habit of infringing copyrights to establish willfulness. *Id.* at *1, 3. The Court excluded the evidence, finding these **18 instances** to be "insufficient to demonstrate that [defendant] engages in a regular and uniform practice of infringing copyright in a manner that constitutes the kind of systematic or semi-automatic conduct necessary to permit the inference of habit." *Id.* at *3.

Redcell's one example of a Rule 408 settlement offer relating to a prior dispute with a completely different business to business service provider is plainly insufficient under this standard. Evidence of a single incident by its own terms is insufficient to demonstrate habit. *See Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152, 1158 (2d Cir. 1968) (evidence of "single instance" of prior "negligent repair" inadmissible to demonstrate habit evidence); *Hopkins v. Nat'l R.R. Passenger Corp.*, No. 08CV2965NGGRML, 2016 WL 8711718, at *13 n. 13 (E.D.N.Y. Apr. 29, 2016) ("A single episode is insufficient to show a habit."). Thus, PX-45 is inadmissible as

improper character/propensity evidence under Fed. R. Evid. 404 and does not qualify as habit evidence under Fed. R. Evid. 406.

### III. The Court Should Exclude PX-45 Under Fed. R. Evid. 408 Because It Is Relates to Conduct During Compromise Negotiations.

To avoid repetition, Trucco incorporates by reference Point I of the legal argument in its memorandum of law in support of Motion *In Limine* No. 4. Like the documents and testimony discussed in that motion, PX-45 is a settlement communication made in the context of resolving a dispute between Trucco and On Time related to a business agreement between them. Rule 408 precludes the admission of such evidence whether or not the parties' discussions resulted in a settlement. Fed. R. Evid. 408(a); *Playboy Enters. v. Chuckleberry Publ'g, Inc.,* 687 F.2d 563, 568–69 (2d Cir.1982). In addition, Rule 408 "applies with equal force whether the settlement involves the litigants or a litigant and a third party." *Crigger v. Fahnestock & Co.,* No. 01CIV781JFK, 2005 WL 857368, at *1 (S.D.N.Y. Apr. 14, 2005))*; see also, e.g.*, *Playboy Enters.*, 687 F.2d at 568-69; *Alpex Computer Corp. v. Nintendo Co., Ltd.*, 770 F. Supp. 161, 163-64 (S.D.N,Y. 1991); *Citibank, N.A. v. Citytrust,* No. 84-cv-3786, 1988 WL 88437, at *2 (E.D.N.Y. Aug. 23, 1988).

Because it cannot be credibly disputed that PX-45 – as its text states – is a settlement communication between Trucco and On Time, it should also be excluded pursuant to Fed. R. Evid. 408.

### IV. The Court Should Exclude Exhibit PX-45 And Related Testimony as a Waste of Time and Unduly Prejudicial Under Fed. R. Evid. 403.

Finally, even if it were otherwise admissible (which it is not), PX-45 should be excluded as a waste of time and unduly prejudicial under Fed. R. Evid. 403. Rule 403 permits the Court to exclude evidence where its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay,

waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *see also Universe Antiques, Inc. v. Vareika*, 821 F. Supp. 2d 625, 626 (S.D.N.Y. 2011). "In making a Rule 403 determination, courts should ask whether the evidence's proper value 'is more than matched by [the possibility] . . . that it will divert the jury from the facts which should control their verdict.'" *Bensen v. Am. Ultramar Ltd.*, No. 92-CV-4420, 1996 WL 422262, at *6 (S.D.N.Y. July 29, 1996) (quoting *United States v. Krulewitch*, 145 F.2d 76, 80 (2d Cir. 1944)).

The probative value of PX-45 is minimal. PX-45 is a letter from On Time setting forth that company's views and allegations as to Trucco's alleged actions. This document itself does not provide a basis to conclude that Trucco committed any wrongdoing or did any of the things alleged by On Time in its letter. By allowing PX-45 to be introduced, there is a significant risk that the jury would infer the truth of On Time's statements without any basis to do so. Further, even if Trucco had agreed to settle on the terms On Time proposed, "disputes are often settled for reasons having nothing to do with the merits of a claim." *Korn, Womack, Stern & Assocs., Inc. v. Fireman's Fund Ins. Co.*, 27 F.3d 566, 1994 WL 265263, at *6 (6th Cir. 1994) (Table).

On the other hand, practically, there is a strong possibility that the jury will be led to believe that the letter establishes conclusively that Trucco did what On Time claimed and to infer that Trucco did the same with respect Redcell. Courts frequently exclude evidence of unrelated settlement negotiations as unduly prejudicial because settlement agreements "carry little evidentiary weight because they are too tightly bound to the incentive to avoid litigation to cast much light on the underlying merits of the case." *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 568 (S.D.N.Y. 2017). The same rationale applies here and Exhibit PX-45 should be excluded for these reasons, or on any of the independent bases set forth above.

7

## **CONCLUSION**

For the foregoing reasons, the Court should exclude admission of Plaintiff's proposed Exhibit PX-45 and testimony about it under FRE 401, 402, 403, 404, and 408.

Dated: November 13, 2023
       New York, NY

Respectfully submitted,

GENOVA BURNS LLC

By: ___*/s/ Lawrence Bluestone*___
    Rajiv D. Parikh, Esq.
    Charles J. Messina, Esq.
    Lawrence Bluestone, Esq.
    GENOVA BURNS LLC
    Trinity Centre
    115 Broadway, 15th Floor
    New York, NY 10006
    Phone: 973-533-0777
    rparikh@genovaburns.com
    cmessina@genovaburns.com
    lbluestone@genovaburns.com

*Attorneys for Defendants A.J. Trucco, Inc. and Trucconova, LLC*

## CERTIFICATE OF CONFERENCE OF COUNSEL

In accordance with Section 1(b)(ii) of the Court's Individual Trial Rules and Procedures, the undersigned certifies that on November 10, 2023, counsel for Defendants conferred with counsel for Plaintiffs in good faith on the above issue and were unable to reach agreement on the issues raised by this motion *in limine*.

Dated: November 13, 2023                     /s/ *Lawrence Bluestone*
                                            Lawrence Bluestone

17303422v5 (22605.010)