UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REDCELL CORP., et al.,<br><br>                            Plaintiffs,<br><br>          -against-<br><br>A.J. TRUCCO, INC., et al.,<br><br>                          Defendants. | 20-CV-18 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiffs have submitted one motion *in limine*, ECF No. 130, and Defendants have submitted six motions *in limine*, ECF Nos. 133, 135, 140, 145, 148 and 151. For the reasons stated herein, Plaintiffs' motion is DENIED and Defendants' motions are GRANTED in part and DENIED in part.

A district court's inherent authority to manage the course of trials encompasses ruling on motions *in limine*. *Luce v. United States*, 469 U.S. 38, 40 n.4 (1984). "The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citation and quotation marks omitted). Ruling on motions *in limine* are subject to change as the trial unfolds. *Luce*, 469 U.S. at 41–42.

## I.      **Plaintiffs' Motion *in Limine*, ECF No. 130**

Plaintiffs' motion to bar Defendants from asserting at trial that Trucco owns or co-owns Plexus IMP, Plexus WMS and Plexus PCN – which Defendants refer to as IMP software – as well as the related source code ("Software and Source Code"), is DENIED. Plaintiffs' motion to

preclude Defendants from introducing into evidence Exhibits DX-121, DX-127 and DX-270 is likewise DENIED.

Plaintiffs ask that the Court preclude Defendants from supporting Defendants' argument that they owned or co-owned the Software and Source Code with (1) an oral or written ownership agreement and (2) by way of a "work for hire" argument. To support their motion, Plaintiffs argue that there is no written "work for hire" agreement and that Defendants did not assert a "work for hire" defense, thereby waiving it. However, as Defendants correctly assert, the "work for hire" doctrine pertains the Copyright Act. Plaintiffs cite no cases indicating that the Copyright Act is applicable here.

Furthermore, Plaintiffs bear the burden of proving that they own the trade secrets at issue in this case. *See InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020); *Health Care Facilities Partners, LLC v. Diamond*, No. 21-CV-1070, 2023 WL 3847289, at *5 (N.D. Ohio June 5, 2023); *see also Town & Country Linen Corp. v. Ingenious Designs LLC*, 556 F. Supp. 3d 222, 254 n.12, 277 n.22 (S.D.N.Y. 2021), *reconsideration denied*, No. 18-CV-5075 (LJL), 2021 WL 4892857 (S.D.N.Y. Oct. 19, 2021) (noting that the requirements for showing a misappropriation of a trade secret are similar under New York law and the Defend Trade Secrets Act and that Plaintiffs have the burden of proof on trade secret claims). The Court will not preclude Defendants from presenting evidence to refute that element of Plaintiffs' claim.

Plaintiffs also move to preclude three exhibits that are versions of a software agreement dated July 8, 2008 ("2008 Software Agreement"). They assert that (1) DX-121 and DX-127 are inadmissible because they are unsigned; (2) DX-270 is inadmissible because two of its pages are unrelated to the 2008 Software Agreement; and (3) the agreements are incomplete because "Exhibit A" is missing. Plaintiffs, however, cite to no rule of evidence that supports the

exclusion of these exhibits at this juncture. While the documents may indeed be inadmissible, Defendants will have an opportunity at trial to attempt to authenticate and establish the admissibility of these exhibits.

Moreover, Defendants assert that one of Plaintiffs' exhibits (PX-66) is the "missing" "Exhibit A" referenced in the 2008 Software Agreement. The parties seem to agree that if the 2008 Software Agreement is presented to the jury, the full agreement should be presented. *See* ECF No. 139 at 10. The parties shall confer regarding combining the two exhibits into one pre-marked exhibit for the parties to use at trial.

## II.    Defendants' Motions *in Limine*

### A.  Motion *in Limine* Number 1, ECF No. 133

Defendants' motion to exclude documents based on Plaintiffs' purported failure to comply with the Court's November 2, 2023 order is DENIED.

The Court's order directed Plaintiffs to produce "metadata to the extent applicable." ECF No. 111. Most of the documents that Defendants seek to exclude through this motion are screenshots, either of the software at issue or of Defendants' website. From Defendants' submissions, it is unclear what metadata is missing, how the missing metadata would be relevant or how Defendants are prejudiced without that metadata. Moreover, at least two of the documents – PX-39 and PX-79 – have Bates stamps and so appear to have been produced during discovery. There is no indication that Defendants sought metadata for these documents during discovery. Courts generally deny later requests for metadata, "if metadata is not sought in the initial document request, and particularly if the producing party already has produced the documents in another form." *Aguilar v. Immigr. & Customs Enf't Div. of U.S. Dep't of Homeland Sec.*, 255 F.R.D. 350, 357 (S.D.N.Y. 2008). Accordingly, there is no reason for the

3

Court to preclude those exhibits on the basis of an alleged failure to comply with the Court's order.

### B. Motions *in Limine* Numbers 2 and 3, ECF Nos. 135 and 140

Defendants' motion to exclude the "Disputed Materials" not produced in discovery, pursuant to Federal Rule of Civil Procedure 37, is GRANTED in part and DENIED in part.

Having determined that Plaintiffs did not produce certain documents during discovery, the Court stated that it would entertain a motion from Defendants to exclude those exhibits, pursuant to FRCP 37. *See* ECF No. 125. Under FRCP 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts consider four factors when evaluating whether testimony or exhibits should be precluded: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new [evidence]; and (4) the possibility of a continuance." *Chamberlain Est. of Chamberlain v. City of White Plains*, 960 F.3d 100, 117 (2d Cir. 2020) (internal citation omitted); *see also Bovell v. City of Mount Vernon, N.Y.*, No. 21-CV-1621 (AEK), 2023 WL 3559544, at *10 (S.D.N.Y. May 18, 2023).

The Court, in ECF No. 125, has already discussed the circumstances surrounding the failure to produce the exhibits at issue and rejected a continuance. As such, the Court focuses on the importance of the evidence Defendants seek to preclude along with the prejudice to Defendants.

First in this motion, Defendants seek to exclude software screenshots (PX-1–2, PX- 4–22). These documents are important to Plaintiffs to show to the jury how the alleged trade secrets that Plaintiffs developed work. It is undisputed that Defendants have access to the contested software. Defendants are not prejudiced by the introduction of screenshots of system to which they have long had access. Although Defendants claim that "there was no indication from the discovery actually produced by Redcell that such evidence would be presented at trial," Defendants could have anticipated that Plaintiffs would seek to introduce evidence regarding the software at issue at trial. Defendants are still able to contest the authenticity of these screenshots and can explore questions such as whether the screenshots show features or functions that are common industry knowledge. Although Defendants further claim that they are prejudiced because they "did not have the opportunity to retain an expert in trade secret identification or software analysis," Defendants have been on notice that the claims involve misappropriation of trade secrets since the outset of this case. Nothing prevented them from retaining an expert to determine what was in fact a trade secret and what was not with the software that they maintain.

Likewise, Defendants had access to – even if they were not able to locate in their files as of when their motions were filed – the signed agreements (PX-24, PX-29, PX-33 and PX-39). Each of these agreements purports to be signed both by Plaintiffs and Defendants and is important in explaining the relationship between the parties over the years. There is no prejudice to Defendants in Plaintiffs utilizing these agreements. Indeed, one of the agreements, PX-24, is even on Defendants' own exhibit list as DX-124, with the only difference being a non-substantive handwritten date on the first page. PX-39 ("2018 Software Agreement") is also the subject of Defendants' third motion *in limine*. As Plaintiffs note, even though the 2018 Software

Agreement was not produced during discovery, Defendants had notice that the agreement was at issue, as it was referenced in the Complaint and Helder Molina's deposition.

Defendants further had access to PX-43, which consists of emails from Defendants' CEO. PX-32, an invoice purportedly sent to Defendants, and PX-68, a chart seemingly showing certain of Defendants' sales, also appear to be Defendants' own documents. Defendants would also have had access to the information depicted in PX-36, PX-38 and PX-62, which are from Defendants' own website. There is no prejudice that results from the introduction of documents and information that belong to Defendants.

Accordingly, Defendants' motion to exclude the exhibits discussed *supra* in this section (PX-1–2, PX- 4–22, PX-24, PX-29, PX-32–33, PX-36, PX-38–39, PX-43, PX-62 and PX-68) is DENIED. The Court, however, makes no determination regarding whether these documents will ultimately be admissible at trial.

Defendants' motion to exclude a letter from Rusty Lucca, a third-party, (PX-27 and PX-75) is GRANTED. In contrast to the documents described above, there is no indication that Defendants would have had access to this letter during discovery or that it otherwise belongs to them. The prejudice to Defendants mandates preclusion.

### C. Motion *in Limine* Number 4, ECF No. 145

Defendants' motion to exclude evidence and testimony relating to settlement communications between the parties in May 2019 is GRANTED. Federal Rule of Evidence 408 prohibits the admission of evidence relating to settlement negotiations, with exceptions for evidence being introduced for "another purpose." Fed. R. Evid. 408; *see also Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989). The rule specifically states that the evidence is not admissible "either to prove or disprove the validity . . . of a disputed claim or to

impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). The Court

has broad discretion as to whether to admit evidence of settlement offered for another purpose

not prohibited under FRE 408. *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 293 (2d Cir. 1999)

(internal citation omitted).

Plaintiffs claim that PX-44 is admissible notwithstanding FRE 408. First, they claim that

the negotiations that are the subject of that email exchange do not relate to the validity of

Plaintiffs' claim, but instead relate to resolving a dispute between Plaintiffs and Defendants

about Defendants allegedly improperly hiring Plaintiffs' employees. Although that issue is not

the claim to be resolved here, Plaintiffs heavily rely on those allegations to support their

misappropriation claim. *See* ECF No. 8 ("Compl.") ¶ 9 ("To enable Trucco to accomplish the

misappropriation, Trucco needed to induce Redcell's chief software programmer, Jean Paul Arce

('Jean Paul'), to stop working with Redcell and to affiliate with Trucco. Trucco knew . . . that

misappropriation would not be complete unless Trucco took him away from Redcell."); *see also*

*id*. ¶¶ 10, 75–78, 85. Plaintiffs also claim that the statements in PX-44 are relevant to

Defendants' willfulness and punitive damages. Even assuming the exhibit helps prove

willfulness, the purposes cited by Plaintiffs for relying on this document conflict with FRE 408.

Plaintiffs' admitted purpose for using this document is to help prove its misappropriation claim

(through hiring away their employees) and their entitlement to punitive damages. That is

expressly prohibited under FRE 408.

Plaintiffs claim that the other documents (PX-46 and PX-47) are likewise admissible

because they include "an important admission" that "Trucco acknowledges that it currently

utilizes import (Plexus IMP) software that is proprietary to Redcell under an existing licensing

agreement." ECF No. 161 at 3. They maintain that "Defendants should be estopped" from stating

otherwise. This is clearly an attempt to use this evidence for impeachment against Trucco's claims to the contrary – again, a purpose expressly prohibited under FRE 408.

Even if not precluded by FRE 408, the Court also finds that the evidence is unduly prejudicial under FRE 403. The jury could rely too heavily on statements that were made in order to resolve the parties' disputes, finding that the statements resolve the issue without recognizing why a party might agree to statements to avoid litigation. *See Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 199 (S.D.N.Y. 2008) (finding that any probative value a settlement agreement might have was outweighed by the significant risk of unfair prejudice that the jury would consider the settlement agreement in determining liability); *United States v. Rubin/Chambers, Dunhill Ins. Servs.*, 831 F. Supp. 2d 779, 784–85 (S.D.N.Y. 2011) (settlement evidence could lead to a high degree of confusion, delay and prejudice due to "the juxtaposition of that complex subject matter against the simple and common sense conclusion that a bank would not settle serious charges of wrongdoing involving significant monetary penalties unless it had committed the alleged offense").

### D.  Motion *in Limine* Number 5, ECF No. 148

Defendants' motion to exclude evidence and testimony regarding any purported oral confidentiality or non-disclosure agreement between Redcell and Trucco regarding the Software and Source Code, under the parol evidence rule and FRE 403, is DENIED.

"The parol evidence rule generally prohibits the admission of extrinsic evidence of prior or contemporaneous oral agreements to explain the meaning of a contract that the parties have reduced to an unambiguous integrated writing." *Gualandi v. Adams*, 385 F.3d 236, 241 (2d Cir. 2004) (internal citation omitted). "[T]he parol evidence rule operates to exclude evidence of all

prior or contemporaneous negotiations or agreements offered to contradict or modify the terms of their writing." *Adler & Shaykin v. Wachner*, 721 F. Supp. 472, 476 (S.D.N.Y. 1988).

Here, the parties have agreed to various software development and technical support agreements. *See* ECF Nos. 149-1–7. According to the parties, they did not agree to a written licensing agreement or another agreement about Defendants' use and access to the software after its development. ECF No. 150 at 2–3 (citing agreements regarding development of a "client-server" software application as well as agreements regarding technical support and maintenance); ECF No 162 at 2 (same). Therefore, Defendants have not shown that a confidentiality or non-disclosure agreement would contradict or modify the agreements between Plaintiffs and Defendants.

Furthermore, Plaintiffs bear the burden of demonstrating that they took reasonable measures to protect their alleged trade secrets. *See* 18 U.S.C. § 1839(3)(A). They can put on evidence as to how they did so. The question of whether an oral agreement is sufficient to demonstrate reasonable measures to protect trade secrets as a matter of law is not appropriate for resolution on a motion *in limine*. *See Mason v. Amtrust Fin. Servs., Inc.*, 848 F. App'x 447, 450 (2d Cir. 2021). As such, Plaintiffs are not prohibited from eliciting this testimony.

### E.  Motion *in Limine* Number 6, ECF No. 151

Defendants' motion to exclude PX-45 is GRANTED. PX-45, which is a letter proposing a settlement after Defendants allegedly improperly hired employees away from a staffing company, is impermissible character evidence. Plaintiffs seek to introduce PX-45 to show that it "was in keeping with Mr. Pacia's 'steal-now-pay-later' plan and pattern of conduct." ECF No. 163 at 2. FRE 404 expressly prohibits this kind of propensity evidence, and Plaintiffs do not identify any permissible purpose for this evidence under FRE 404(b).

The Court further finds that the risk of prejudice outweighs the exhibit's probative value. *See* Fed. R. Evid. 403. There is little probative value in the allegations that Defendants allegedly improperly hired other employees from another company in a manner and under alleged circumstances that appear unrelated to the case at issue. Instead, the evidence would likely cause the jury to improperly include that Defendants engaged in similar conduct here and could lead the jury to conclude that Defendants have a propensity for violating the law in their business dealings with others. It could also lead to evidence by Defendants disputing the allegations in the letter, distracting the jury from the issues in the case and wasting the jury's time in violation of FRE 403. Accordingly, Plaintiffs are precluded from introducing this exhibit or related testimony.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion *in limine* is DENIED. Defendants' motions *in limine* are GRANTED in part and DENIED in part. Plaintiffs are precluded from introducing into evidence PX-27, PX-44, PX-45 (and related testimony), PX-46, PX-47, PX-75 and testimony related to the parties' settlement discussions.

Dated:  November 24, 2023
         New York, New York

                                        SO ORDERED.

                                        *Jessica Clarke*
                                        _____
                                        JESSICA G. L. CLARKE
                                        United States District Judge